FILED
JAMES BONINI
SEP 10 PM 3:35
SOUTHERN DIST OHIO
WESTERN DIV DAYTON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NCR CORPORATION,

Plaintiff,

vs.

PC CONNECTION, INC.,

Defendant.

3:04cv0329

**COMPLAINT**

THOMAS M. ROSE

DEMAND FOR JURY TRIAL

Plaintiff NCR Corporation ("Plaintiff" or "NCR"), as and for its Complaint against Defendant PC Connection, Inc. ("Defendant" and "PC Connection"), by its undersigned counsel, hereby alleges as follows:

**PARTIES**

1. Plaintiff NCR Corporation is a Maryland corporation with its principal place of business located at 1700 South Patterson Boulevard, Dayton, Ohio 45479-0001.

2. On information and belief, Defendant PC Connection, Inc. is a Delaware corporation with its principal place of business located at 730 Milford Road, Merrimack, New Hampshire 03054.

**JURISDICTION**

3. The following claims for patent infringement arise under the Patent Laws of the United States, 35 U.S.C. §§ 281 *et seq.* This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1338(a).

**VENUE**

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b), because the Defendant has committed acts of infringement in this judicial district.

**STATEMENT OF FACTS**

5. Plaintiff NCR is the owner by assignment of the following patents (referred to collectively below as the "NCR Patents"):

a. U.S. Patent No. 6,519,600 (the "'600 Patent"), issued on February 11, 2003, entitled "Computerized Asset Management System";

b. U.S. Patent No. 6,480,855 (the "'855 Patent"), issued on November 12, 2002, entitled "Managing a Resource on a Network where each Resource has an Associated Profile with an image";

c. U.S. Patent No. 6,169,997 (the "'997 Patent"), issued on January 2, 2001, entitled "Method and Apparatus for Forming Subject (Context) Map and Presenting Internet Data According to the Subject Map";

d. U.S. Patent No. 6,151,601 (the "'601 Patent"), issued on November 21, 2000, entitled "Computer Architecture and Method for Collecting, Analyzing and/or Transforming Internet and/or Electronic Commerce Data for Storage into a Data Storage Area";

6. PC Connection, directly and/or through subsidiary companies, owns and operates three Internet websites: www.PCConnection.com, www.MacConnection.com, and www.GovConnection.com (collectively, the "Websites").

7. PC Connection, by its design, manufacture or construction of the Websites and/or the supporting systems, and/or by its use and operation of the Websites, and/or by performing certain methods in connection with the operation of the Websites, has infringed and continues to infringe one or more claims of each of the NCR Patents. The Websites, including the system or systems, including hardware, data, firmware, and software, that constitute the Websites or make the operation of the Websites possible, are referred to herein as the "Accused Systems."

**FIRST CLAIM FOR RELIEF**
(Infringement of U.S. Patent No. 6,519,600)

8. Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 7 above as if set forth herein in full.

9. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant PC Connection has infringed and is infringing the '600 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '600 patent and/or has induced or contributed to infringement of the '600 patent.

(b) Defendant PC Connection's infringement of NCR's '600 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285 and

(c) The infringement by PC Connection of NCR's '600 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
(Infringement of U.S. Patent No. 6,480,855)

10. Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 9 above as if set forth herein in full.

11. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant PC Connection has infringed and is infringing the '855 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '855 patent, and/or has induced or contributed to infringement of the '855 patent;

(b) Defendant PC Connection's infringement of NCR's '855 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by PC Connection of NCR's '855 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
(Infringement of U.S. Patent No. 6,169,997)

12. Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 11 above as if set forth herein in full.

13. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant PC Connection has infringed and is infringing the '997 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '997 patent and/or has induced or contributed to infringement of the '997 patent;

(b) Defendant PC Connection's infringement of NCR's '997 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285, and

(c) The infringement by PC Connection of NCR's '997 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
(Infringement of U.S. Patent No. 6,151,601)

14. Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 13 above as if set forth herein in full.

15. Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendant PC Connection has infringed and is infringing the '601 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '601 patent, and/or has induced or contributed to infringement of the '601 patent;

(b) Defendant PC Connection's infringement of NCR's '601 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by PC Connection of NCR's '601 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE,** NCR requests judgment:

(a) That each of the NCR Patents, and claims thereof, are valid and enforceable;

(b) That PC Connection has infringed one or more of the claims of each of the NCR Patents and that its infringement has been willful;

(c) That NCR has been irreparably harmed by the infringing activities of PC Connection;

(d) That PC Connection, its officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successor or assignees of the interests or assets related to the Accused Systems, be permanently enjoined from further infringement of the NCR Patents;

(e) That an accounting be had for the damages caused to NCR by the infringing activities of PC Connection;

(f) That PC Connection be awarded damages adequate to compensate for PC Connection's infringement, which shall include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the NCR Patents by PC Connection, including pre- and post-judgment interest, and costs, including expenses;

(g) That, once actual damages are assessed, damages so ascertained be trebled in view of the willful and deliberate nature of the infringement and be awarded to NCR, with interest;

(h) That this be declared an exceptional case and that NCR be awarded its attorneys' fees; and

(i) That NCR be awarded such further necessary or proper relief as this Court may deem just.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NCR hereby demands a trial by jury of all issues so triable.

NCR CORPORATION

By: /s/

Timothy R. Butler (0021993)
Assistant Law Vice President
1700 S. Patterson Blvd., WHQ-4
Dayton, Ohio 45479
(937)-445-7438
Tim. Butler@NCR.Com
Trial Counsel

Of Counsel:

MAYER, BROWN, ROWE & MAW LLP
Paul R. Gupta
Clifford R. Michel
1675 Broadway
New York, NY 10019-5820
(212) 506-2500