**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**NCR Corporation,**

        **Plaintiff,**

**v.**                                                                                          **Case No. 3:04-cv-329
Judge Thomas M. Rose**

**PC Connection, Inc.,**

        **Defendant.**

**DECISION AND ENTRY OVERRULING MOTION TO DISMISS
FILED BY DEFENDANT PC CONNECTION, INC. (DOC. #9)**

This matter is before the Court for decision on Defendant PC Connection, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction. Doc. 9. The instant motion requests that the Court dismiss the claims of patent infringement NCR Corporation has brought against PC Connection, Inc. NCR Corporation is suing PC Connection, Inc. alleging that web sites (collectively referred to as "the Web sites") they operate infringe four patents (collectively referred to as "the Patents"): U.S. Patent No. 6,519,600 entitled "Computerized Asset Management System"; U.S. Patent No. 6,480,855 entitled "Managing a Resource on a Network where each Resource has an Associated Profile with an image"; U.S. Patent No. 6,159,997 entitled "Method and Apparatus for Forming Subject (Context) Map and Presenting Internet Data According to the Subject Map"; and U.S. Patent No. 6,151,601 entitled "Computer Architecture and Method for Collecting, Analyzing and/or Transforming Internet and/or Electronic Commerce Data for Storage into a Data Storage Area."

NCR Corporation asserts four causes of action that allege PC Connection, Inc. is liable under 35 U.S.C. § 271(a),(b), or (c), as PC Connection, Inc. has allegedly infringed NCR Corporation's Patents by making, using, selling, or offering to sell the inventions protected by one or more claims of the Patents, or has induced or contributed to the infringement of the Patents. (Compl. ¶¶ 9(a)-(c),11(a)-(c),13(a)-(c),15(a)-(c).)

PC Connection, Inc.'s motion to dismiss for lack of personal jurisdiction falls under Federal Rule of Civil Procedure 12(b)(2), a question which is determined by state law. PC Connection, Inc. asserts that the Ohio long-arm statute, Ohio Rev. Code § 2307.382, does not confer jurisdiction to NCR Corporation. Doc. 9. Specifically, PC Connection, Inc. claims that Ohio law requires NCR Corporation to demonstrate a specific connection between PC Connection, Inc.'s conduct in Ohio and the patent infringement related to the design and operation of the Web sites. Doc. 9. PC Connection, Inc. asserts that it does not design or operate any of the Web sites, and further, that none of the allegedly infringing Web sites are designed or operated in Ohio. Doc. 9. Accordingly, PC Connection, Inc. asserts that because it lacks any contact with Ohio and the alleged patent infringement, this Court lacks personal jurisdiction. Doc. 9.

**I.     Factual Background**

On September 10, 2004, NCR Corporation, an Ohio-based Maryland corporation, (Compl. ¶ 1), sued PC Connection, Inc., a New Hampshire-based Delaware corporation. (*Id*. ¶ 2.) NCR Corporation alleged that PC Connection, Inc. owned or operated the Web sites that infringed the NCR Patents. (*Id.* ¶¶ 6-7.)

On November 8, 2004, PC Connection, Inc. filed a motion to dismiss for lack of personal jurisdiction. Doc. 9. PC Connection, Inc. contends that the assertion of

personal jurisdiction is improper under the Ohio long-arm statute, and the Court's exercise of personal jurisdiction would violate federal due process.  *Id*.  PC Connection, Inc. alleges that it lacks any significant contacts with Ohio.  *Id*.

The allegedly infringing Web sites, as well as the PC Connection, Inc. distribution center located in Ohio, are owned and operated by three separate PC Connection, Inc. subsidiaries:  PC Connection Sales Corporation ("PC Connection Sales"), owner and operator of www.PCConnection.com and www.macconnection.com; GovConnection, Inc. ("GovConnection"), owner and operator of www.govconnection.com; and Merrimack Services Corporation ("Merrimack"), owner and operator of the national distribution warehouse in Wilmington, Ohio.  (Wilkins Decl. ¶¶ 8-12.)

Robert Wilkins, Executive Vice President of PC Connection, Inc., states that the company is based in New Hampshire, where most of its employees and operations are located.  Doc. 9.  According to Wilkins, neither PC Connection, Inc. nor its subsidiaries engage in any activity in Ohio, including any activities relating to the design, manufacture, use, or operation of the allegedly infringing Web sites, and declares that any activities regarding the maintenance of the Web sites occur outside of Ohio.  (Wilkins Decl. ¶ 6.)

Although Wilkins asserts that PC Connection, Inc. has no stores, offices, or warehouses in Ohio, one of the PC Connection, Inc. subsidiaries manages a national distribution warehouse in Wilmington, Ohio.  (Wilkins Decl. ¶ 7.); Docs. 11-4, 11-5.[1]

---

[1] While Wilkins declares that there is no agent for service of process in Ohio, the Ohio Secretary of State Web site (business locator) has several records of a business named "PC Connection, Inc.". One record of "PC Connection, Inc." lists New Hampshire as its principal place of business, another record of "PC Connection, Inc." lists Delaware.  In addition, each of the two records of a business named "PC Connection, Inc." has an agent for service of process located in Cleveland, Ohio.

3

The Ohio distribution center is not depicted as a separate entity or even a subsidiary of PC Connection, Inc., but is described as part of the PC Connection, Inc. entity.  Doc. 11-5.  In addition, the Web site owned and operated by PC Connection Sales defines the Ohio distribution center as one of the four locations where the 1,300 PC Connection, Inc. employees operate daily to serve the PC Connection, Inc. clientele.  Doc. 11-5.  The PC Connection Sales Web site makes no distinction regarding the ownership of the company's locations in New Hampshire, Massachusetts, Maryland, and Ohio.  *Id*.  Moreover, PC Connection, Inc. and its subsidiaries share many, if not all, of the same officers and directors, and file a consolidated balance sheet to report financial data with the SEC.  Docs. 11-7, 11-10.

With respect to this litigation, Wilkins further asserts that it would be a substantial burden for PC Connection, Inc. to litigate this matter in Ohio, as it is more than 750 miles from PC Connection, Inc.'s headquarters in New Hampshire.  (Wilkins Decl. ¶ 17.)  Based upon the foregoing assertions, PC Connection, Inc. contends that this Court cannot exercise personal jurisdiction over it.

On December 2, 2004, NCR Corporation filed a motion in opposition to PC Connection, Inc.'s motion to dismiss for lack of jurisdiction.  Doc. 11.  NCR Corporation asserts that its claims arise out of PC Connection, Inc.'s transaction of business in Ohio through the sales of goods by means of the Web sites that infringe its patented technology.  *Id*.  NCR Corporation maintains that the interactive Web sites cause PC Connection, Inc. to be present in Ohio, and asserts that the distribution center owned by Merrimack, a PC Connection, Inc. subsidiary, and located in Wilmington, Ohio, subjects

PC Connection, Inc. to this judicial district.  *Id*.  NCR Corporation further asserts that the injury is caused in Ohio because it is located in Dayton, Ohio.  *Id*.

On December 16, 2004, PC Connection, Inc. filed a reply to the response to the motion asserting that NCR Corporation failed to establish the factual connection between the alleged patent infringement, PC Connection, Inc., and Ohio.  Doc. 13.  Defendant has now moved the Court to dismiss NCR Corporation's federal action pursuant to Federal Rule of Civil Procedure 12(b)(2).  Docs. 9, 13.

## II.   Standards of Review

The Court must adhere to the standard of review set forth by the Federal Circuit.  In doing so, the Court must apply the law of the Federal Circuit, rather than the law of the Sixth Circuit, when determining whether to exercise personal jurisdiction over the accused out-of-state patent infringer, PC Connection, Inc.  *See Beverly Hills Fan Company v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-1565 (Fed. Cir. 1994); *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995); *Dainippon Screen Manufacturing Co., LTD. v. CFMT, Inc. and CFM Technologies, Inc.*, 142 F.3d 1266, (Fed. Cir. 1998).

NCR Corporation bears the burden of establishing a *prima facie* case of personal jurisdiction.  *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1282-1283 (Fed. Cir. 2005). NCR Corporation has provided the Court with declarations and other materials to support its argument that the exercise of personal jurisdiction over PC Connection, Inc. is proper.  The Court must construe the pleadings, affidavits, and other evidence in a light most favorable to the nonmoving party.  *Id*.; *See also Graphics Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998); *See also Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980).

**III.    Applicable Law**

Under Federal Circuit law, the ability of the Court to exercise personal jurisdiction over out-of-state defendant PC Connection, Inc. involves a two-step inquiry. First, the assertion of jurisdiction must be appropriate under the guidelines provided by the long-arm statute of the forum state. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1350 (Fed. Cir. 2002). The Federal Circuit has recognized that the Ohio long-arm statute does not confer jurisdiction to the limits of due process. *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002), *citing Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 638 N.E.2d 541, 545 n.1 (Ohio 1994). Second, the court must determine whether the exercise of jurisdiction over the out-of-state defendant comports with the due process requirements. *Hildebrand*, 279 F.3d at 1354; *Akro Corp.*, 45 F.3d at 1544; *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Court must first examine whether PC Connection, Inc. is amenable to suit under the Ohio long-arm statute. If the Court finds that it has the authority to exercise personal jurisdiction over PC Connection, Inc. under the Ohio long-arm statute, then the Court will determine whether the exercise of personal jurisdiction is consistent with the requirements of federal due process.[2]

**A.    Ohio's Long-Arm Statute**

The Ohio long-arm statute does not extend personal jurisdiction to the limits of federal due process. *Hildebrand*, 279 F.3d at 1354; *See Goldstein v. Christiansen*, 638

---

[2] When a corporation brings an action for patent infringement, the Court must apply the law of the Federal Circuit, rather than the law of the Sixth Circuit, when analyzing personal jurisdiction under federal due process. *3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).

N.E.2d 541, 545 n.1 (Ohio 1994). Federal Rule of Civil Procedure 4(k) authorizes federal courts to apply the long-arm statute of the forum state when determining whether a federal court has personal jurisdiction over a non-resident defendant. *Graphic Controls Corporation v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998).

> Ohio's long-arm statute provides, in relevant part:
>
> (A)   A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1)   Transacting any business in this state; [or]
>
> …
>
> (3)   Causing tortious injury by an act or omission in this state; [or]
>
> (4)   Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

Ohio Rev. Code § 2307.382. The Ohio long-arm statute provides that an Ohio court may exercise personal jurisdiction over a non-resident defendant that causes tortious injury inside the state of Ohio. *Imperial Products, Inc. v. Endura Products, Inc.*, 109 F. Supp. 2d 809, 811-812 (S.D. Ohio 2000); *Schwanger v. Munchkin, Inc.*, No. 99-1049, slip op. at 3 (Fed. Cir. Oct. 7, 1999).

A further point of contention involves whether personal jurisdiction may be general or specific in Ohio. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005); *Youn v. Track, Inc.*, 324 F.3d 409, 417-418 (6th Cir. 2003). The parties contest whether general personal jurisdiction exists in Ohio. The Ohio Supreme Court has ruled that the Ohio long-arm statute does not reach to the limits of due process. *Goldstein*, 70 Ohio St. 3d at 545 n.1. As a result, Ohio courts have found

that general personal jurisdiction is not recognized under Ohio law.  *MacDonald v. Navistar International Transportation Corp.*, 143 F. Supp. 2d 918, 923 (S.D. Ohio 2001); *Smith v. Turfway Park*, No. C-3-97-145, 1999 U.S. Dist. WL 33117268, at *2 (S.D. Ohio March 22, 1999).

Since this court must apply the law of the Federal Circuit when determining whether to exercise personal jurisdiction, seeing as the Federal Circuit will defer to the Ohio long-arm statute, this Court will defer to its previous interpretations of the Ohio long-arm statute, finding no general personal jurisdiction. *MacDonald*, 143 F. Supp. 2d at 923 ("Ohio's long-arm statute precludes general personal jurisdiction in this forum").

**1.     Specific Jurisdiction**

The Court has specific personal jurisdiction over the Defendant pursuant to the Ohio long-arm statute.  Ohio Rev. Code 2307.382(A)(1).  Specific jurisdiction "arises out of the cause of action even if those contacts are isolated and sporadic."  *Trintec Industries, Inc*., 395 F.3d at 1279.

Ohio courts have created a three-part test for determining whether a court may exercise specific personal jurisdiction over a non-resident defendant. *MacDonald*, 143 F. Supp. 2d at 926; *Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 376 n. 2 (6th Cir. 1968).  *First*, "the defendant must purposefully avail himself of the privilege of conducting activities within the forum state; *Second*, the cause of action must arise from the defendant's activities there; *Third*, the acts by the defendant must have been a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant fundamentally fair."  *Id*.  Ohio courts have established that when a defendant has purposefully availed itself of the privilege of conducting activities in Ohio,

8

and if the cause of action arose from that contact with Ohio, fulfilling parts one and two of the three-part test, it is presumed that personal jurisdiction is proper. *Id.*

**a.     PC Connection, Inc. has purposefully availed itself of the privilege of conducting activities within the forum state.**

PC Connection, Inc. has purposefully availed itself of the privilege of conducting business in Ohio because it engaged in activities that created a substantial connection to NCR Corporation. Therefore, PC Connection, Inc. could reasonably anticipate being haled into court in Ohio.

The Ohio long-arm statute authorizes jurisdiction over a non-resident defendant who transacts any business in Ohio, provided that the plaintiff's claim arises from the defendant's business activities in Ohio. Ohio Rev. Code § 2307.382(A)(1). The Sixth Circuit, interpreting the Ohio long-arm statute as it applies to specific personal jurisdiction, has explained that a defendant's "conduct and connection with the forum must be of a character that he or she should reasonably anticipate being haled into court there." *MacDonald*, 143 F. Supp. 2d at 926; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

PC Connection, Inc.'s activities in Ohio are relevant to a determination of whether it has purposefully availed itself of the privilege of transacting business in Ohio under the specific jurisdiction test. *Trintec Industries, Inc.*, 395 F.3d at 1280. PC Connection, Inc.'s failure to observe requisite corporate formalities with respect to its wholly-owned subsidiary, Merrimack, which owns and operates the Ohio distribution center, as well other subsidiaries including PC Connection Sales Corporation, and GovConnection, Inc., subjects PC Connection, Inc. to specific personal jurisdiction. PC

Connection, Inc. and the three aforementioned subsidiaries file SEC filings under the heading "PC Connection, Inc. and Subsidiaries." Doc. 11-10. PC Connection, Inc.'s most recent 10-Q SEC quarterly report states that PC Connection, Inc. and its subsidiaries file a consolidated balance sheet to report financial data. Doc. 11-10. PC Connection, Inc. controls all of the allegedly infringing Web sites which permit Ohio residents to purchase products shipped from the Wilmington, Ohio distribution center.

**b. NCR Corporation's cause of action arises from PC Connection, Inc.'s activities in Ohio.**

NCR Corporation's causes of action for patent infringement arise out of PC Connection, Inc.'s activities in Ohio. PC Connection, Inc. may be held liable for its contacts with Ohio, even if those contacts are "isolated and sporadic." *Trintec Industries, Inc.*, 395 F.3d at 1279. As a result, PC Connection, Inc. could reasonably anticipate being hauled into court in Ohio.

Sections (3) and (4) of the Ohio long-arm statute demonstrate that NCR Corporation's causes of action arose from PC Connection, Inc.'s activities in Ohio. Section (3) of the Ohio long-arm statute authorizes jurisdiction over defendants which cause tortious injury by "an act or omission" in Ohio. Ohio Rev. Code § 2307.382(A)(3). Section (4) authorizes jurisdiction when a defendant's acts outside Ohio cause tortious injury in Ohio. Ohio Rev. Code § 2307.382(A)(4).

**1. Section (3) of the Ohio long-arm statue authorizes specific personal jurisdiction over PC Connection, Inc.**

The Court has specific personal jurisdiction over PC Connection, Inc. under Section (3) of the Ohio long-arm statute, because PC Connection, Inc. is alleged to have

caused tortious injury to NCR Corporation in Ohio. Ohio Rev. Code § 2307.382(A)(3). In this instance, a case of patent infringement, the situs of the alleged injury is the location or locations where the allegedly infringing activity directly impacts the interests of the patent holder. *Beverly Hills Fan Club Co. v. Royal Sovereign Corp.*, 21 F.3d 2558, 1571 (Fed. Cir. 1994). NCR Corporation, located in Dayton, Ohio, alleges loss of licensing fees to which it was entitled for PC Connection, Inc.'s use of NCR's patented processes. Doc. 11. Thus, PC Connection, Inc.'s alleged use of NCR's patented processes in Ohio contravenes Section (3) of the Ohio long-arm statute, and creates specific personal jurisdiction over the PC Connection, Inc.

**2. Section (4) of the Ohio long-arm statute authorizes specific personal jurisdiction over PC Connection, Inc.**

The Court has specific personal jurisdiction over PC Connection, Inc. under Section (4) of the Ohio long-arm statute, because PC Connection, Inc.'s allegedly tortious activities outside Ohio caused injury to NCR Corporation in Ohio. In addition, the acts of PC Connection, Inc. induced NCR Corporation to bring the causes of action against PC Connection, Inc.

In order to meet the criteria under Section (4) of the Ohio long-arm statute, PC Connection, Inc. must satisfy one of three subparts: (i) "regularly does or solicits business" in Ohio, (ii) engages in a "persistent course of conduct" in Ohio, or (iii) derives substantial revenue from goods used or consumed or services rendered' in Ohio. *Id*.

PC Connection, Inc., through its subsidiary companies, owns and operates interactive Web sites through which goods are regularly sold to Ohio customers and Ohio

11

sales taxes is collected from Ohio customers, in satisfaction of subpart (i) "regularly doing or soliciting business" in Ohio. (Ricci Decl. ¶¶ 5-8.)

PC Connection, Inc. regularly delivers products and accepts returns for products sold through its Web sites from a distribution center in Ohio, owned by a PC Connection, Inc. subsidiary, satisfying subpart (ii) engaging in "persistent course of conduct." Docs. 11-4, 11-5, 11-17, 11-19.

The third subpart (iii) "derives substantial revenue from goods used or consumed or services rendered" in Ohio is also satisfied. Ohio Rev. Code § 2307.382(A)(4). This Court has held that "Ohio courts have a great deal of flexibility and latitude in determining what constitutes 'substantial revenue." *Bath & Body Works v. Wal-Mart Stores*, No. C-22-99-1190, 2000 U.S. Dist. LEXIS 20168, at *19 (S.D. Ohio Sept. 12, 2000). It can be readily inferred that PC Connection, Inc. derives revenue from its sales in Ohio. (Wilkins Decl. ¶¶ 5-8); Docs. 11-10, 11-11, 11-13. PC Connection, Inc., or its subsidiary companies, delivers products to Ohio residents, collects Ohio sales tax on items that it sells, and files a condensed consolidated balance sheet of PC Connection, Inc. and its subsidiary companies. *Id*.

Through application of Section (4) of the Ohio long-arm statute, it is clear that this Court has specific personal jurisdiction over PC Connection, Inc., as each subpart is satisfied.

**c.     PC Connection, Inc.'s contacts created a substantial connection with Ohio such to make the exercise of jurisdiction over PC Connection, Inc. fundamentally fair.**

As NCR Corporation has satisfied the first two parts of the three-part specific personal jurisdiction test, this Court may assume that subjecting PC Connection, Inc. to the jurisdiction in Ohio would be fundamentally fair. *MacDonald*, 143 F. Supp. 2d at 926. Normally, a court must consider several factors in order to determine if assertion of jurisdiction would be fundamentally fair. *Id*. A court may look to "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Id*., quoting, *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168-69 (6th Cir. 1988).

NCR Corporation has provided evidence to support a *prima facie* showing that exercise of specific personal jurisdiction over PC Connection, Inc. is proper. There is evidence that PC Connection reached out to Ohio in order to conduct business. By providing evidence of PC Connection, Inc.'s actions through its subsidiary companies, Web sites, and Ohio distribution center, NCR Corporation has set forth enough evidence to establish a *prima facie* case of specific personal jurisdiction. Thus, it would not be fundamentally unfair to subject PC Connection, Inc. to jurisdiction in Ohio.

**2.      General Jurisdiction**

Assuming, *arguendo*, that Ohio recognizes general personal jurisdiction, this Court may exercise general personal jurisdiction over an out-of-state defendant if the Court finds that the defendant's contacts with Ohio are of such a nature as to have been "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1983). Previously, this Court has explicitly stated that Ohio does not recognize general personal jurisdiction. *Smith*, 1999 U.S. Dist. WL 33117268, at *2.

A basis for recognizing general personal jurisdiction occurs when a subsidiary of a parent company acts as a distributor. *In re Telectronics Pacing Sys. Inc.*, 953 F. Supp. 909, 919 (S.D. Ohio 1997) (where the court found that "the clearest example of [personal jurisdiction] occurs when a foreign manufacturer uses a subsidiary to distribute its products in the forum"); *Vorhees v. Cilcorp, Inc.*, 837 F. Supp. 395, 402, 402 (M.D. Fla. 1993) (stating that "jurisdiction over parent is proper where subsidiary is a distributor"); *Gallagher v. Mazda Motor of America, Inc.*, 781 F. Supp. 1079, 1085 (E.D. Pa 1992) (stating that "jurisdictional contacts of subsidiary corporation should be imputed to the corporate parent when the subsidiary is engaging in functions that, but for the existence of the subsidiary, the parent would have to undertake").

Throughout PC Connection Sales Corporation's Web site, it publicly represents that its Ohio distribution center is part of the same corporate entity as PC Connection, Inc.  Doc. 11-3, 11-4.  In particular, the "Company Overview" section prominently lists the "Distribution center:  Wilmington, OH" directly below "Corporate headquarters: Merrimack, NH."  Doc. 11-5.  Although PC Connection, Inc. maintains that the Ohio distribution center is owned and operated by Merrimack Services Corporation ("Merrimack"), the entities share many, if not all, of the same officers and directors. Doc. 11-6, 11-7.  When such an overlap of officers and directors exists, personal jurisdiction over a parent is generally found.  *In re Telectronics Pacing Sys. Inc.*, 953 F. Supp. at 919-920 (where the court found personal jurisdiction over parent where parent and subsidiary shared common officers); *Lyman Steel Corp. v. Ferrostall Metals Corp.*, 747 F. Supp. 389, 398 (N.D. Ohio 1990) (where the court found "personal jurisdiction over parent where subsidiaries shared common employees and officers").

**B.**     **Federal Due Process**

For purposes of compliance with federal due process when analyzing personal jurisdiction, this Court must determine: *First*, whether the defendant purposefully directed its activities at the residents of the forum; *Second*, whether the claim arises out of or relates to those activities; and *Third*, (3) whether assertion of personal jurisdiction is reasonable and fair.  *3D Systems, Inc.*, 160 F.3d at 1373, *citing Akro Corp. v. Luker,* 45 F.3d 1541, 1545-46 (Fed. Cir. 1995).

According to these requirements, the Court has the authority to exercise personal jurisdiction over PC Connection, Inc.  PC Connection, Inc.'s ownership and operation of interactive Web sites that enable Ohio consumers to purchase products for delivery in Ohio constitutes the purposeful direction of activities to Ohio residents.  *See Bird v. Parsons*, 289 F. 3d 865, 874 (6th Cir. 2002) (holding that operation of web site can constitute purposeful availment if it is "interactive to a degree that reveals specifically intended interaction with residents of the state"); *CompuServe Inc. v. Patterson*, 89 F.3d. 1257, 1265 (6th Cir. 1996) (holding that defendant's contacts with Ohio were deliberate and repeated even though they yielded little revenue from Ohio).

Additionally, in *Neogen Corp. v. Neo Gen Screening, Inc*., 282 F. 3d 883, 890 (6th Cir. 2002), the Sixth Circuit adopted the "sliding scale" approach, as originally articulated in *Zippo Mfg. Co. v. Zippo Dot Com, Inc*., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), to determine whether a web site is sufficiently interactive as to constitute grounds for personal jurisdiction.   Using this approach, personal jurisdiction is proper where the web site owner conducts business over the Internet (enters into contracts with out-of-state residents that "involve the knowing and repeated transmission of computer files over the

internet"). *Bath & Body*, 2000 U.S. Dist. LEXIS 20168, at *26, citing *Zippo*, 952 F. Supp. at 1124. Personal jurisdiction may be improper where the web site is passive (owner merely provides information on the web site). *See id*. For cases falling between these two extremes, personal jurisdiction is determined by the level of interactivity and the commercial nature of the exchange of information that occurs on the web site. *See id*.

PC Connection, Inc.'s interactive Web sites generated Internet sales of $103 million, or nine percent of its overall sales, as of December of 2001, according to the company. Doc. 11-9. At that time, PC Connection, Inc. expected continued growth of Internet sales. *Id*. PC Connection, Inc.'s Web site offers next day delivery to customers throughout the United States, and refers customers to the address of the Wilmington, Ohio distribution center as the place consumers should send returns. Docs. 11-4, 11-5, 11-12, 11-13, 11-14, 11-15. Clearly, PC Connection, Inc.'s internet sales activities satisfy the purposeful availment requirement.

The second part of the general personal jurisdiction is satisfied since NCR Corporation's infringement claims arises out of the operation of PC Connection, Inc.'s Web sites: www.PCConnection.com, www.MacConnection.com, and www.GovConnection.com.

Once the first two parts of the analysis are satisfied, an inference arises that the third part, fundamental fairness, is also met. *CompuServe Inc.*, 89 F.3d at 1268. The defendant bears the burden of showing that the exercise of personal jurisdiction is unreasonable. *Imperial Products*, 109 F. Supp 2d at 816, citing *3D Systems, Inc.*, 160 F.3d at 1379-80. Only in "the rare situation" in which the plaintiff's and the state's interests are "so attenuated that they are clearly outweighed by the burden of subjecting

the defendant to litigation in the forum," will courts refuse jurisdiction. *Beverly Hills Fan Club Co.*, 21 F.3d at 1568. This is in no way a rare situation, since Ohio has a significant interest in discouraging patent infringement within its borders and in providing a forum for NCR's cause of action. *See id*.

### III.   Conclusion

NCR Corporation has met its burden of establishing a *prima facie* case of personal jurisdiction over PC Connection, Inc.. This Court has specific personal jurisdiction over PC Connection, Inc., as NCR Corporation has established that its causes of action for patent infringement arose out of PC Connection, Inc.'s contacts with Ohio. In addition, NCR Corporation established that it is able to show all three parts of the three part test adopted in Ohio courts: *First*, PC Connection, Inc. purposefully availed itself of the privilege of conducting activities with in Ohio; *Second*, NCR Corporation's cause of action arose from PC Connection's activities in the state of Ohio; and *Third*, the acts by PC Connection, Inc. had a substantial enough connection with Ohio to make the exercise of jurisdiction over it fundamentally fair.

Although this Court recognizes that Ohio courts do not acknowledge general personal jurisdiction in Ohio, if Ohio were to recognize general personal jurisdiction, NCR Corporation is able to establish such jurisdiction over PC Connection, Inc. through the systematic and continuous unrelated contacts PC Connection, Inc. had with Ohio.

Finally, federal due process would not be abridged by subjecting PC Connection, Inc. to jurisdiction in Ohio. Therefore, this Court must deny PC Connection, Inc.'s motion to dismiss for lack of personal jurisdiction. PC Connection Inc.'s Motion to Dismiss, doc. 9, is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, Wednesday, August 24, 2005.[3]

s/Thomas M. Rose<br>
THOMAS M. ROSE<br>
UNITED STATES DISTRICT JUDGE

---

[3] The Court acknowledges the valuable contribution and assistance of judicial intern Jamielynne Jenkins in drafting this opinion.