UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

|  |  |  |
|---|---|---|
| NCR CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Docket No. 3:04CV0329–TMR |
| PC CONNECTION, INC., | ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) ) | |

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**

The defendant, PC Connection, Inc. ("PCC"), responds to the allegations in the correspondingly numbered paragraphs of the plaintiff's amended complaint (Doc. # 25) (the "complaint") as follows:

1. PCC lacks sufficient knowledge or information concerning the place of incorporation and principal place of business of the plaintiff, and, on that basis, denies the allegations contained in paragraph 1 of the complaint.

2. PCC admits the allegations contained in paragraph 2 of the complaint.

3. Paragraph 3 of the complaint asserts a legal conclusion to which no answer is required. To the extent that it contains any factual allegations, those allegations are denied.

4. Paragraph 4 of the complaint asserts a legal conclusion to which no answer is required. To the extent that it contains any factual allegations, those allegations are denied.

5. PCC lacks sufficient information to form a belief as to the truth of the allegations of paragraph 5 of the complaint, including subparagraphs, and on that basis denies them.

6.       PCC admits that PCC subsidiaries own and operate the web sites www.pcconnection.com, www.macconnection.com, and www.govconnection.com, and denies the remaining allegations contained in paragraph 6 of the complaint.

7.       PCC denies the allegations contained in paragraph 7 of the complaint.

8.       PCC incorporates its responses to paragraphs 1 through 7 inclusive of the complaint in response to the allegations contained in paragraph 8 of the complaint.

9.       PCC denies the allegations contained in paragraph 9 of the complaint, including subparagraphs.

10.      PCC incorporates its responses to paragraphs 1 through 9 inclusive of the complaint in response to the allegations contained in paragraph 10 of the complaint.

11.      PCC denies the allegations contained in paragraph 11 of the complaint, including subparagraphs.

12.      PCC incorporates its responses to paragraphs 1 through 11 inclusive of the complaint in response to the allegations contained in paragraph 12 of the complaint.

13.      PCC denies the allegations contained in paragraph 13 of the complaint, including subparagraphs.

14.      PCC incorporates its responses to paragraphs 1 through 13 inclusive of the complaint in response to the allegations contained in paragraph 14 of the complaint.

15.      PCC denies the allegations contained in paragraph 15 of the complaint, including subparagraphs.

16.      PCC incorporates its responses to paragraphs 1 through 15 inclusive of the complaint in response to the allegations contained in paragraph 16 of the complaint.

17. PCC denies the allegations contained in paragraph 17 of the complaint, including subparagraphs.

18. PCC incorporates its responses to paragraphs 1 through 17 inclusive of the complaint in response to the allegations contained in paragraph 18 of the complaint.

19. PCC denies the allegations contained in paragraph 19 of the complaint, including subparagraphs.

20. PCC incorporates its responses to paragraphs 1 through 19 inclusive of the complaint in response to the allegations contained in paragraph 20 of the complaint.

21. PCC denies the allegations contained in paragraph 21 of the complaint, including subparagraphs.

22. PCC incorporates its responses to paragraphs 1 through 21 inclusive of the complaint in response to the allegations contained in paragraph 22 of the complaint.

23. PCC denies the allegations contained in paragraph 23 of the complaint, including subparagraphs.

24. PCC incorporates its responses to paragraphs 1 through 23 inclusive of the complaint in response to the allegations contained in paragraph 24 of the complaint.

25. PCC denies the allegations contained in paragraph 25 of the complaint, including subparagraphs.

26. PCC incorporates its responses to paragraphs 1 through 25 inclusive of the complaint in response to the allegations contained in paragraph 26 of the complaint.

27. PCC denies the allegations contained in paragraph 27 of the complaint, including subparagraphs.

28.    PCC incorporates its responses to paragraphs 1 through 27 inclusive of the complaint in response to the allegations contained in paragraph 28 of the complaint.

29.    PCC denies the allegations contained in paragraph 29 of the complaint, including subparagraphs.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief can be granted because PCC has not performed any act or done anything, nor is proposing to perform and act or do anything, in violation of the rights validly belonging to the plaintiff under the patents identified in paragraph 5 of the complaint (the "patents in suit").

## SECOND AFFIRMATIVE DEFENSE

The subject matter of the patents in suit does not meet the requirements of 35 U.S.C. § 101, and the patents in suit are invalid, void, and unenforceable because they fail to meet the conditions specified in 35 U.S.C. § 101, *et seq*.

## THIRD AFFIRMATIVE DEFENSE

The claims of the patents in suit are invalid and unenforceable because they fail to meet the conditions of patentability set forth in 35 U.S.C. § 102.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the patents in suit are invalid and unenforceable because they fail to meet the conditions of patentability set forth in 35 U.S.C. § 103.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the patents in suit are invalid and unenforceable because they fail to meet the conditions of patentability set forth in 35 U.S.C. § 112.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims for damages are limited under 35 U.S.C. § 287 to those damages occurring after notice of infringement of each of the patents in suit.

### SEVENTH AFFIRMATIVE DEFENSE

PCC has not infringed, and does not infringe, the patents in suit, either directly or indirectly, literally or under the doctrine of equivalents, or by inducement or contribution to infringement.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's infringement claims are barred, in whole or in part, by the equitable doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's infringement claims are barred, in whole or in part, by the equitable doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

To the extent that the plaintiff's infringement claims are brought under the doctrine of equivalents, those claims are barred under the doctrine of prosecution history estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the patents in suit are unenforceable because one or more persons involved in the prosecution of the applications that matured into those patents made material misrepresentations and/or omitted making material representations in and relating to the prosecution of those applications with the intent to deceive the United States Patent and Trademark Office ("PTO"). Thus, the plaintiff's claims are barred by the doctrine of inequitable conduct.

## COUNTERCLAIMS

By these counterclaims, PC Connection, Inc. ("PCC") seeks a declaration that it has not infringed U.S. Patents Nos. 6,519,600 (the "'600 Patent"), 6,480,855 (the "'855 Patent"), 6,169,997 (the "'997 Patent"), 6,151,601 (the "'601 Patent"), 6,714,931 (the "'931 Patent"), 5,951,643 (the "'643 Patent"), 5,669,526 (the "'526 Patent"), 5,721,906 (the "'906 Patent"), 6,026,403 (the "'403 Patent"), 6,502,096 (the "'096 Patent"), and 6,334,110 (the "'110 Patent") (collectively, the "patents in suit") and that the patents in suit are invalid.  PCC further seeks damages and other available relief for the breach by the plaintiff/counterclaim defendant, NCR Corporation ("NCR"), of a license agreement between NCR and a major software provider that covers PCC's allegedly infringing conduct and of which PCC is a third–party beneficiary.

## THE PARTIES

30.     The defendant/counterclaimant, PCC, is a Delaware corporation with its principal place of business located at 730 Milford Road, Merrimack, New Hampshire 03054.

31.     The plaintiff/counterclaim defendant, NCR, alleges in its complaint that it is a Maryland corporation with a principal place of business located at 1700 South Patterson Boulevard, Dayton, Ohio 45479.

## JURISDICTION AND VENUE

32.     PCC's counterclaims for declaratory relief arise under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*.  PCC's counterclaims for declaratory relief are compulsory under Fed. R. Civ. P. 13(a).

33.     Jurisdiction over PCC's counterclaims for declaratory relief is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 2201.

34. Jurisdiction over PCC's counterclaim for breach of contract is proper pursuant to 28 U.S.C. §§ 1332 and 1367.

35. The amount in controversy between the parties on PCC's breach of contract counterclaim exceeds $75,000.

36. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PATENTS

37. NCR alleges that the '600 Patent issued on February 11, 2003, and alleges that it is the current owner of all rights, interest, and title to the '600 Patent.

38. NCR alleges that the '855 Patent issued on November 12, 2002, and alleges that it is the current owner of all rights, interest, and title to the '855 Patent.

39. NCR alleges that the '997 Patent issued on January 2, 2001, and alleges that it is the current owner of all rights, interest, and title to the '997 Patent.

40. NCR alleges that the '601 Patent issued on November 21, 2000, and alleges that it is the current owner of all rights, interest, and title to the '601 Patent.

41. NCR alleges that the '931 Patent issued on March 30, 2004, and alleges that it is the current owner of all rights, interest, and title to the '931 Patent.

42. NCR alleges that the '643 Patent issued on September 14, 1999, and alleges that it is the current owner of all rights, interest, and title to the '643 Patent.

43. NCR alleges that the '526 Patent issued on December 16, 1997, and alleges that it is the current owner of all rights, interest, and title to the '526 Patent.

44. NCR alleges that the '906 Patent issued on February 24, 1998, and alleges that it is the current owner of all rights, interest, and title to the '906 Patent.

45. NCR alleges that the '403 Patent issued on February 15, 2000, and alleges that it is the current owner of all rights, interest, and title to the '403 Patent.

46. NCR alleges that the '096 Patent issued on December 31, 2002, and alleges that it is the current owner of all rights, interest, and title to the '096 Patent.

47. NCR alleges that the '110 Patent issued on December 25, 2001, and alleges that it is the current owner of all rights, interest, and title to the '110 Patent.

## EXISTENCE OF AN ACTUAL CONTROVERSY

48. On September 10, 2004, NCR filed a complaint against PCC alleging infringement of the '600 Patent, the '855 Patent, the '997 Patent, and the '601 Patent. On August 28, 2005, NCR amended the complaint against PCC to assert additional claims of infringement of the remaining patents in suit.

49. PCC disputes the validity of the patents in suit, and denies that it has infringed them under any theory of infringement.

50. Accordingly, there is a substantial and actual controversy between the parties whether the patents in suit are valid and enforceable by NCR and, if so, whether PCC infringes any of them.

## FIRST COUNTERCLAIM
### (Declaration of Non–Infringement of the '600 Patent)

51. PCC incorporates the allegations contained in paragraphs 30–50 above as though set forth in this paragraph.

52. NCR has alleged that PCC has been, and is still, making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '600 Patent and/or has induced or contributed to the infringement of the patented inventions claimed

in the '600 Patent, and that PCC's conduct in so doing has been willful and deliberate, causing irreparable injury to NCR.

53. PCC denies the allegations referred to in paragraph 52.

54. PCC has alleged, and here alleges, that it has not infringed, and presently is not infringing, the '600 Patent, either literally or under the doctrine of equivalents, nor has PCC actively induced or contributed to the infringement of the '600 Patent, nor is it presently doing so. Accordingly, PCC has alleged, and here alleges, that it is not liable for damages or other relief arising from the claimed infringement.

55. PCC requests a judicial determination and declaration of the respective rights and duties of the parties with respect to the dispute just recited. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non–infringement and unenforceability of the '600 Patent.

## SECOND COUNTERCLAIM
### (Declaration of Non–Infringement of the '855 Patent)

56. PCC incorporates the allegations contained in paragraphs 30–55 above as though set forth in this paragraph.

57. NCR has alleged that PCC has been, and is still, making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '855 Patent and/or has induced or contributed to the infringement of the patented inventions claimed in the '855 Patent, and that PCC's conduct in so doing has been willful and deliberate, causing damages and irreparable injury to NCR.

58. PCC denies the allegations referred to in paragraph 57.

59. PCC has alleged, and here alleges, that it has not infringed, and presently is not infringing, the '855 Patent, either literally or under the doctrine of equivalents, nor has PCC

9

actively induced or contributed to the infringement of the '855 Patent, nor is it presently doing so. Accordingly, PCC has alleged, and here alleges, that it is not liable for damages or other relief arising from the claimed infringement.

60. PCC requests a judicial determination and declaration of the respective rights and duties of the parties with respect to the dispute just recited. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non–infringement and unenforceability of the '855 Patent.

## THIRD COUNTERCLAIM
### (Declaration of Non–Infringement of the '997 Patent)

61. PCC incorporates the allegations contained in paragraphs 30–60 above as though set forth in this paragraph.

62. NCR has alleged that PCC has been, and is still, making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '997 Patent and/or has induced or contributed to the infringement of the patented inventions claimed in the '997 Patent, and that PCC's conduct in so doing has been willful and deliberate, causing damages and irreparable injury to NCR.

63. PCC denies the allegations referred to in paragraph 62.

64. PCC has alleged, and here alleges, that it has not infringed, and presently is not infringing, the '997 Patent, either literally or under the doctrine of equivalents, nor has PCC actively induced or contributed to the infringement of the '997 Patent, nor is it presently doing so. Accordingly, PCC has alleged, and here alleges, that it is not liable for damages or other relief arising from the claimed infringement.

65. PCC requests a judicial determination and declaration of the respective rights and duties of the parties with respect to the dispute just recited. Such a determination and declaration

are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non–infringement and unenforceability of the '997 Patent.

## FOURTH COUNTERCLAIM
### (Declaration of Non–Infringement of the '601 Patent)

66. PCC incorporates the allegations contained in paragraphs 30–65 above as though set forth in this paragraph.

67. NCR has alleged that PCC has been, and is still, making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '601 Patent and/or has induced or contributed to the infringement of the patented inventions claimed in the '601 Patent, and that PCC's conduct in so doing has been willful and deliberate, causing damages and irreparable injury to NCR.

68. PCC denies the allegations referred to in paragraph 67.

69. PCC has alleged, and here alleges, that it has not infringed, and presently is not infringing, the '601 Patent, either literally or under the doctrine of equivalents, nor has PCC actively induced or contributed to the infringement of the '601 Patent, nor is it presently doing so. Accordingly, PCC has alleged, and here alleges, that it is not liable for damages or other relief arising from the claimed infringement.

70. PCC requests a judicial determination and declaration of the respective rights and duties of the parties with respect to the dispute just recited. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non–infringement and unenforceability of the '601 Patent.

## FIFTH COUNTERCLAIM
### (Declaration of Non–Infringement of the '931 Patent)

71. PCC incorporates the allegations contained in paragraphs 30–70 above as though set forth in this paragraph.

72. NCR has alleged that PCC has been, and is still, making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '931 Patent and/or has induced or contributed to the infringement of the patented inventions claimed in the '931 Patent, and that PCC's conduct in so doing has been willful and deliberate, causing damages and irreparable injury to NCR.

73. PCC denies the allegations referred to in paragraph 72.

74. PCC has alleged, and here alleges, that it has not infringed, and presently is not infringing, the '931 Patent, either literally or under the doctrine of equivalents, nor has PCC actively induced or contributed to the infringement of the '931 Patent, nor is it presently doing so. Accordingly, PCC has alleged, and here alleges, that it is not liable for damages or other relief arising from the claimed infringement.

75. PCC requests a judicial determination and declaration of the respective rights and duties of the parties with respect to the dispute just recited. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non–infringement and unenforceability of the '931 Patent.

## SIXTH COUNTERCLAIM
### (Declaration of Non–Infringement of the '643 Patent)

76. PCC incorporates the allegations contained in paragraphs 30–75 above as though set forth in this paragraph.

77. NCR has alleged that PCC has been, and is still, making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '643 Patent and/or has induced or contributed to the infringement of the patented inventions claimed in the '643 Patent, and that PCC's conduct in so doing has been willful and deliberate, causing damages and irreparable injury to NCR.

78. PCC denies the allegations referred to in paragraph 77.

79. PCC has alleged, and here alleges, that it has not infringed, and presently is not infringing, the '643 Patent, either literally or under the doctrine of equivalents, nor has PCC actively induced or contributed to the infringement of the '643 Patent, nor is it presently doing so. Accordingly, PCC has alleged, and here alleges, that it is not liable for damages or other relief arising from the claimed infringement.

80. PCC requests a judicial determination and declaration of the respective rights and duties of the parties with respect to the dispute just recited. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non–infringement and unenforceability of the '643 Patent.

### SEVENTH COUNTERCLAIM
### (Declaration of Non–Infringement of the '526 Patent)

81. PCC incorporates the allegations contained in paragraphs 30–80 above as though set forth in this paragraph.

82. NCR has alleged that PCC has been, and is still, making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '526 Patent and/or has induced or contributed to the infringement of the patented inventions claimed in the '526 Patent, and that PCC's conduct in so doing has been willful and deliberate, causing damages and irreparable injury to NCR.

83. PCC denies the allegations referred to in paragraph 82.

84. PCC has alleged, and here alleges, that it has not infringed, and presently is not infringing, the '526 Patent, either literally or under the doctrine of equivalents, nor has PCC actively induced or contributed to the infringement of the '526 Patent, nor is it presently doing

so. Accordingly, PCC has alleged, and here alleges, that it is not liable for damages or other relief arising from the claimed infringement.

85. PCC requests a judicial determination and declaration of the respective rights and duties of the parties with respect to the dispute just recited. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non–infringement and unenforceability of the '526 Patent.

## EIGHTH COUNTERCLAIM
### (Declaration of Non–Infringement of the '906 Patent)

86. PCC incorporates the allegations contained in paragraphs 30–85 above as though set forth in this paragraph.

87. NCR has alleged that PCC has been, and is still, making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '906 Patent and/or has induced or contributed to the infringement of the patented inventions claimed in the '906 Patent, and that PCC's conduct in so doing has been willful and deliberate, causing damages and irreparable injury to NCR.

88. PCC denies the allegations referred to in paragraph 87.

89. PCC has alleged, and here alleges, that it has not infringed, and presently is not infringing, the '906 Patent, either literally or under the doctrine of equivalents, nor has PCC actively induced or contributed to the infringement of the '906 Patent, nor is it presently doing so. Accordingly, PCC has alleged, and here alleges, that it is not liable for damages or other relief arising from the claimed infringement.

90. PCC requests a judicial determination and declaration of the respective rights and duties of the parties with respect to the dispute just recited. Such a determination and declaration

are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non–infringement and unenforceability of the '906 Patent.

### NINTH COUNTERCLAIM
### (Declaration of Non–Infringement of the '403 Patent)

91. PCC incorporates the allegations contained in paragraphs 30–90 above as though set forth in this paragraph.

92. NCR has alleged that PCC has been, and is still, making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '403 Patent and/or has induced or contributed to the infringement of the patented inventions claimed in the '403 Patent, and that PCC's conduct in so doing has been willful and deliberate, causing damages and irreparable injury to NCR.

93. PCC denies the allegations referred to in paragraph 92.

94. PCC has alleged, and here alleges, that it has not infringed, and presently is not infringing, the '403 Patent, either literally or under the doctrine of equivalents, nor has PCC actively induced or contributed to the infringement of the '403 Patent, nor is it presently doing so. Accordingly, PCC has alleged, and here alleges, that it is not liable for damages or other relief arising from the claimed infringement.

95. PCC requests a judicial determination and declaration of the respective rights and duties of the parties with respect to the dispute just recited. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non–infringement and unenforceability of the '403 Patent.

### TENTH COUNTERCLAIM
### (Declaration of Non–Infringement of the '096 Patent)

96. PCC incorporates the allegations contained in paragraphs 30–95 above as though set forth in this paragraph.

15

97. NCR has alleged that PCC has been, and is still, making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '096 Patent and/or has induced or contributed to the infringement of the patented inventions claimed in the '096 Patent, and that PCC's conduct in so doing has been willful and deliberate, causing damages and irreparable injury to NCR.

98. PCC denies the allegations referred to in paragraph 97.

99. PCC has alleged, and here alleges, that it has not infringed, and presently is not infringing, the '096 Patent, either literally or under the doctrine of equivalents, nor has PCC actively induced or contributed to the infringement of the '096 Patent, nor is it presently doing so. Accordingly, PCC has alleged, and here alleges, that it is not liable for damages or other relief arising from the claimed infringement.

100. PCC requests a judicial determination and declaration of the respective rights and duties of the parties with respect to the dispute just recited. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non–infringement and unenforceability of the '096 Patent.

## ELEVENTH COUNTERCLAIM
### (Declaration of Non–Infringement of the '110 Patent)

101. PCC incorporates the allegations contained in paragraphs 30–100 above as though set forth in this paragraph.

102. NCR has alleged that PCC has been, and is still, making, using, selling, or offering for sale, products and/or services embodying the patented inventions claimed in the '110 Patent and/or has induced or contributed to the infringement of the patented inventions claimed in the '110 Patent, and that PCC's conduct in so doing has been willful and deliberate, causing damages and irreparable injury to NCR.

16

103.  PCC denies the allegations referred to in paragraph 102.

104.  PCC has alleged, and here alleges, that it has not infringed, and presently is not infringing, the '110 Patent, either literally or under the doctrine of equivalents, nor has PCC actively induced or contributed to the infringement of the '110 Patent, nor is it presently doing so.  Accordingly, PCC has alleged, and here alleges, that it is not liable for damages or other relief arising from the claimed infringement.

105.  PCC requests a judicial determination and declaration of the respective rights and duties of the parties with respect to the dispute just recited.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non–infringement and unenforceability of the '110 Patent.

## TWELFTH COUNTERCLAIM
### (Breach of Contract — Third Party Beneficiary)

106.  NCR has entered a confidential cross–license agreement with a major software provider for a license to use the inventions claimed by patents to which NCR claims to own the rights, including the patents in suit.

107.  NCR and the major software provider consented that PCC could receive a copy of the license agreement with the financial terms redacted.

108.  PCC incorporates the license agreement between NCR and the major software provider into this paragraph, and will seek leave of court to file a copy of the redacted license agreement, including information concerning the identity of the licensee, with the court under seal.

109.  The license agreement immunizes licensed users of the major software provider's software from liability for infringement of patents covered by the license, including the patents in suit.

110. PCC and its subsidiaries are customers of the major software provider.

111. PCC subsidiaries used, and use, the major software provider's software to construct, maintain, and operate the e–commerce web sites, www.pcconnection.com, www.macconnection.com, and www.govconnection.com, the ownership and operation of which NCR has alleged violate the patents in suit.

112. Accordingly, PCC and its subsidiaries are third party beneficiaries of the license agreement between NCR and the major software provider.

113. By sending demand letters to PCC and filing suit against PCC for the infringement of patents governed by the license agreement between PCC and the major software provider, NCR has breached the terms of the license agreement.

## CONCLUSION

Wherefore, PCC prays for relief as follows:

1. That judgment be entered for the defendant and against the plaintiff on all of the plaintiff's claims;

2. That the amended complaint be dismissed in its entirety with prejudice, and that the plaintiff take nothing by the amended complaint.

3. That the plaintiff's request for injunctive relief be denied;

4. That judgment be entered that each of the asserted claims in the patents in suit is invalid, void, and without force or effect;

5. That judgment be entered that the defendant has not infringed, and does not infringe, either directly, by contribution, or through inducement, any of the claims of the patents in suit;

6. That judgment be entered that the patents in suit are invalid and unenforceable;

7. That judgment be entered that the defendant be awarded its costs, disbursements, and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285 and other applicable provisions of law;

8. That the defendant be awarded its damages for the plaintiff's breach of contract as a third–party beneficiary; and

9. That the defendant be granted any other relief that the court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), PCC demands a jury trial of all issues so triable.

Dated: September 28, 2005

/s/ Peter J. Brann
Theodore R. Remaklus
tremaklus@whepatent.com
TRIAL ATTORNEY
Wood, Herron & Evans
2700 Carew Tower
Cincinnati, Ohio 45202
(513) 241–2324

Peter J. Brann (Admitted *Pro Hac Vice*)
pbrann@brannlaw.com
David Swetnam–Burland (Admitted *Pro Hac Vice*)
dsb@brannlaw.com
Brann & Isaacson
P.O. Box 3070, 184 Main Street
Lewiston, Maine 04243
(207) 786–3566

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2005, I electronically filed the foregoing Defendant's Answer and Counterclaims using the CM/ECF system, which will send notification of such filings to the following counsel for the plaintiff/counterclaim defendant, NCR Corporation:

John D. Luken
john.luken@dinslaw.com

Joshua A. Lorentz
jlorentz@dinslaw.com

Paul R. Gupta
pgupta@mayerbrownrowe.com

Clifford R. Michel
cmichel@mayerbrownrowe.com

/s/ Peter J. Brann
Peter J. Brann